## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

MIMEDX GROUP, INC.,

      Plaintiff/Counterclaim Defendant,

      v.

LUKE TORNQUIST,

      Defendant/Counterclaim
Plaintiff,

      v.

PARKER H. PETIT,

      Counterclaim Defendant.

CIVIL ACTION NO.
1:17-CV-00399-LMM

## PARKER H. PETIT'S REPLY IN SUPPORT OF HIS MOTION TO DISMISS DEFENDANT LUKE TORNQUIST'S TENTH COUNTERCLAIM

Tornquist's defamation claim must be dismissed because he fails to adequately plead facts overcoming Minnesota's qualified privilege and he fails to plead sufficient facts demonstrating that the statements were "defamatory." Minnesota law, which applies here, requires dismissal of defamation claims where the plaintiff fails to plead facts overcoming a qualified privilege (*Issaenko v. Univ. of Minnesota*, 57 F. Supp. 3d 985, 1034-35 (D. Minn. 2014)) and where the pleaded facts demonstrate that the defamatory statements do not concern the

plaintiff.  *Bubble Pony, Inc. v. Facepunch Studios Ltd.*, No. CV 15-601(DSD/FLN), 2015 WL 8082708, at \*5 (D. Minn. Dec.7, 2015).

Here, Defendant Petit argued—and Tornquist does not challenge—that the statements by Petit that he alleges are "defamatory" are protected by qualified privilege.  Tornquist asserts only that the privilege is overcome because Petit made the allegedly defamatory statements with "malice."  But Tornquist's only factual allegations of "malice" are actions ***taken by other people, not Petit***.  This is insufficient as a matter of law.

Indeed, as already argued in MiMedx's motion to dismiss identical defamation claims, factual allegations of "malice" must be connected to the speaker of the alleged defamatory statements—specifically, that the speaker acted maliciously against the plaintiff when he or she spoke.  Even in the corporate context, Minnesota law holds that one employee's alleged "malicious" acts cannot support a claim that a corporation acted with "malice" if that employee is not the speaker of the alleged defamatory statements.  It is thus doubly inappropriate here to impute another employee's alleged actions onto Petit, where Tornquist seeks to assert a claim against Petit personally.

Tornquist does not cite any law in support of his position that the facts in his Counterclaims—which list things other people allegedly did—are sufficient to

2

establish Petit's malice.  Indeed, his failure to cite any supporting case law is notable here, as this is his second opportunity to argue against the application of the qualified privilege to these statements.  Moreover, nothing in the alleged statements' language intrinsically indicates Petit's ill will towards Tornquist. Thus, Tornquist has failed to adequately plead any facts demonstrating that Petit made the subject statements with "malice."  The statements are privileged, and his defamation claim should be dismissed.

Additionally, the first of the two challenged statements does not even specifically concern Tornquist and could refer to any of the dozen or so individuals terminated around the same time.  This statement, therefore, cannot defame Tornquist, and his claim as to this statement can be independently dismissed on this ground.

Because Tornquist failed to adequately plead facts demonstrating that MiMedx made "defamatory" statements that were not otherwise protected by a privilege, his claim must be dismissed.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (a complaint must contain "sufficient factual matter" to "state a claim to relief that is plausible on its face"); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545, 127 S. Ct. 1955, 1959, 167 L. Ed. 2d 929 (2007) ("[f]actual allegations must be enough to raise a right to relief above the speculative level").

## ARGUMENT

## I.   The Defamation Claim Should Be Dismissed Because Both Statements Are Privileged

Tornquist's defamation claims should be dismissed because both of the allegedly defamatory statements are protected by a qualified privilege, and Tornquist fails to adequately plead "malice" sufficient to overcome the privilege.

### A.   Tornquist Does Not Challenge Petit's Contention That The Allegedly Defamatory Statements Are Privileged

As Petit argued in his Motion, the two statements Tornquist alleges were defamatory are protected by a qualified privilege under Minnesota law, because those statements were made upon a proper occasion, from a proper motive, and based upon reasonable or probable cause.  (Mot. at 6.)  Privileged statements cannot form the basis for a defamation claim unless the plaintiff demonstrates the speaker's "malice" in making the statements, thus overcoming that privilege. *Palmisano v. Allina Health Sys., Inc.*, 190 F.3d 881, 886 (8th Cir.1999).

Tornquist does not dispute MiMedx's arguments that the two allegedly defamatory statements meet all the elements of the qualified privilege, though he adds in a footnote that he "does not concede" that it applies.  (Opp'n at 14 n.2.)  However, his failure to substantively challenge MiMedx's arguments is a concession that that the privilege applies, because a "[f]ailure to respond to any

portion of a motion indicates that such portion is unopposed." *Luster v. Inv'rs One Corp.*, No. 4:15-CV-190-HLM-WEJ, 2016 WL 5339353, at *13 n.18(N.D. Ga. Jan. 15, 2016) (Johnson, J.) (plaintiff "acquiesced" to one of defendant's arguments because she failed to challenge it when opposing a motion to dismiss); *see also Kramer v. Gwinnett Cty., Georgia*, 306 F. Supp. 2d 1219, 1221 (N.D. Ga.) (Evans, J.), ("Local Rule 7.1B provides that failure to file a response to a party's motion 'shall indicate that there is no opposition to the motion.' . . . Rule 7.1B requires not just that a party generally 'respond' to a motion but mandates that a party respond to each portion of a motion . . . Consequently, a party's failure to respond to any portion or claim in a motion indicates such portion, claim or defense is unopposed.") (internal citations omitted).

Having thus conceded the application of the privilege, Tornquist's only argument against dismissal is that he has sufficiently pled facts showing the statements were made with malice, thus overcoming that privilege. (*Id*. at 14-18.). This is not so.

"Malice" is defined as "actual ill-will or a design causelessly and wantonly to injure plaintiff." *Bol v. Cole*, 561 N.W.2d 143, 150 (Minn. 1997). Malice cannot be implied from the statement itself or from the fact that the statement was false. *Id.* Malice can be shown by "extrinsic evidence" of personal spite, as well

5

as by "intrinsic evidence" such as "the exaggerated language of the libel, the character of the language used, the mode and extent of publication, and other matters in excess of the privilege." *Id.* And contrary to Tornquist's assertion, malice is not a jury question where there is no evidence of malice. *Harvet v. Unity Med. Ctr., Inc.*, 428 N.W.2d 574, 579 (Minn. Ct. App. 1988).

On a motion to dismiss, if allegedly defamatory statements are found to be privileged, the plaintiff's claim will be dismissed unless he pled sufficient facts showing the statements were made with "malice." *Issaenko v*, 57 F. Supp. 3d at 1034-35. Accordingly, having failed to challenge *any* of the elements of the qualified privilege, in order to prevail, Tornquist would have to show that he pled sufficient facts of "extrinsic evidence" or "intrinsic evidence" supporting *Petit's* "malice" in making the challenged statements, such that he had raised his right to relief on his defamation claim above a speculative level. As demonstrated herein, he fails to plead sufficient facts.

### B.     Tornquist Pled No "Extrinsic Evidence" Of Malice By Petit

Under Minnesota law, Tornquist's claim fails because (i) he claims that Petit authored the only two statements he asserts were "defamatory," (ii) to overcome the privilege, he was required to plead facts demonstrating "malice" connected to Petit's making those statements, and (iii) the only facts he pled related to the

6

actions of ***other individuals***, which actions were unrelated to Petit's statements.

**(i)**     Importantly, Tornquist bases his defamation claims on only two statements, namely asserting that Petit defamed him when he allegedly stated that (1) some individuals "published false [sic] information about MiMedx in an attempt to discredit the positive relationship [the Company has] with the Veterans Administration" in a January 25, 2017 letter to the Minneapolis VA, and (2) Tornquist and Kruchoski are "lying, and that's an understatement" about their claims against MiMedx in a March 31, 2017 article published on Kaiser Health News (ksn.org) and Salon (salon.com).  (Countercl. ¶¶ 99-103).

Thus, to make out his claim for defamation, Tornquist must show that ***Petit***, the alleged author, made ***these two statements*** with "malice."

**(ii)**     Under Minnesota law, however, "malice" can only be established for defamation purposes where facts showing ill will are actually connected to the defamatory statements themselves—meaning, the speaker of the statements had to himself act with "malice" when making those statements.  Under Minnesota law, "[a] plaintiff can overcome a conditional privilege only by proving that ***the speaker*** acted with malice."  *French v. Eagle Nursing Home, Inc.*, 973 F. Supp. 870, 884 (D. Minn.1997) (emphasis added).

**(iii)**     Here, Tornquist's claim fails because he cannot connect the allegedly

7

defamatory statements to any of the facts he claims show Petit's "malice."  In fact, Tornquist pled no facts whatsoever showing that Petit was acting with any malice at all.  Rather, all of Tornquist's allegations of malice consist of actions by other individuals taken months before the purportedly defamatory statements were made. (Opp'n at 4, 16.)  But other employees' alleged ill will cannot be imputed against Petit for purposes of the "malice" analysis.  *French*, 973 F. Supp. at 884.

Moreover, to the extent Tornquist alleges that ***MiMedx's*** terminating his employment and filing suit can show ***Petit's*** malice, this is incorrect.  (Opp'n at 17.)  As a threshold matter, there was nothing untoward about MiMedx terminating Tornquist or filing this Action, especially in light of his admission to making sales of competitive, non-MiMedx products while employed at MiMedx.  (ECF No. 10-2 at 9-10.)  Indeed, Tornquist essentially conceded that MiMedx was substantially likely to prevail on its breach claims when he voluntarily submitted to a consent injunction in this case that enforced the terms of his contracts.  (ECF No. 23.)  Yet, even assuming *arguendo* that, despite his admitted breaches, Tornquist adequately pled that his termination was pretextual, those facts could not legally establish "malice" for a defamation claim against MiMedx, the corporation, much less against Petit, an individual, making later statements.  *See, e.g.*, *Frankson v. Design Space Int'l*, 394 N.W.2d 140, 145 (Minn. 1986) (facts indicating that the reason

given for terminating employee was likely false did not demonstrate company's "malice"); *see also Sherman v. Rinchem Co.*, 687 F.3d 996, 1010 (8th Cir. 2012).

Notwithstanding Tornquist's failure to plead any facts related to Petit's alleged actions, and citing no case law, Tornquist makes the same arguments he made in response to MiMedx's motion to dismiss.  Specifically, Tornquist argues that Petit can still be held liable based on the actions of others, asserting that as MiMedx's CEO, Petit "cannot insulate himself from the actions of MiMedx that occurred under his leadership, especially when it is alleged that the conduct came from MiMedx's managerial employees and directors or was obviously a company-authorized action such as the filing of this lawsuit."  (Opp'n at 17.)  But Tornquist overlooks that he brought this claim against Petit *in his individual capacity*.  He is seeking to have this Court impose *personal liability* on Petit for these statements.  As such, relying on any evidence of "malice" that relates to other individuals, as already stated above, is contrary to the requirements of Minnesota law.  Indeed, even in the context of a corporate defendant, it is improper to impute the actions of a different employee onto the speaking employee to demonstrate the "malice" of the corporation.  *Bahr v. Boise Cascade Corp.*, 766 N.W.2d 910, 925-26 (Minn. 2009) ("[T]here is no evidence from which a reasonable jury could conclude that Dobbs' [the plaintiff's supervisor's] personal ill feelings towards Bahr [the

plaintiff] caused Boise's [the company's] defamation."); *Karnes v. Milo Beauty & Barber Supply Co.*, 441 N.W.2d 565, 568 (Minn. Ct. App. 1989) (finding in the corporate context that "[w]hile an employee's actions may be imputed to a corporation, it would be difficult to impute one employee's feelings . . . to another's . . . actions."); *see also Walker v. Wanner Engineering, Inc.*, 867 F.Supp.2d 1050 (D. Minn. 2012) (examining each individual speaker's alleged malice, and where there was no evidence that the alleged speaker acted with malice, the qualified privileged applied).   If it is improper to impute one employee's feelings onto another in order to establish corporate liability, it is doubly improper to do so in the context of an individual defendant like Petit.

Finally, Tornquist's reliance on *Stuempges v. Parke, Davis & Co.* is misplaced.   297 N.W.2d 252, 258 (Minn. 1980).   In that case, which relates to a corporate defendant and predates the Minnesota Supreme Court's later opinion in *Bahr*, the allegedly defamatory statements in a job reference were made by the *very same* supervising employee who was found to have personal ill will towards the plaintiff.   The defamatory statements were therefore clearly connected to the malice of the *speaker*.   This is simply not the case here, where all of Tornquist's allegations of ill will are attached to individuals *other than Petit*.

As such, Tornquist has failed to plead adequate facts showing "extrinsic

10

evidence" of Petit's malice sufficient to state a claim for defamation.

### C.    Tornquist Pled No "Intrinsic Evidence" of Malice By Petit

Additionally, Tornquist failed to plead any facts showing "intrinsic evidence" of Petit's malice, namely that "the exaggerated language of the libel, the character of the language used, the mode and extent of publication" of the statements demonstrated MiMedx acted with malice. *Sherman v. Rinchem Co.*, No. 10-CV-2062 PJS/FLN, 2011 WL 3471057, at *10 (D. Minn. Aug. 8, 2011), *aff'd*, 687 F.3d 996 (8th Cir. 2012).

As an initial matter, Tornquist appears to limit this argument to the March 31, 2017 statement.  (Opp'n at 18 (referring only to the March 31, 2017 in the intrinsic evidence section).)  In any event, Tornquist does not—and cannot—point to any language in the January 25, 2017 statement that is in anyway "exaggerated" or indicative of Petit's malice.  Rather, the language is measured and appropriately describes MiMedx's position to its customer.  (ECF No. 45-2 at 175.)

Further, Tornquist's argument that the March 31, 2017 statement is "intrinsic evidence" of malice fails.  Tornquist cites ***no authority*** supporting this position, presenting bare argument that it was "exaggerated" and "deliberately inflammatory."  (Opp'n at 18.)  On the contrary, one district court found that a very similar statement—"Jeff has obviously lied to the Director of HRD during the

11

course of this investigation"—was not intrinsic evidence of malice, as it was not exaggerated or indicative of ill will. *Sherman*, 2011 WL 3471057, at *4, *11-12 (D. Minn. Aug. 8, 2011), aff'd, 687 F.3d 996 (8th Cir. 2012); *see also Eckstrom v. Bio-Med. Applications of Minnesota, Inc. (BMA)*, No. CIV. 11-812 JNE/JJG, 2013 WL 3753439, at *17 (D. Minn. July 16, 2013) (finding use of the words "fraud" and "falsification" were not intrinsic evidence of malice).  As noted in the Motion, Petit had been specifically responding to claims made public by Tornquist's then-counsel regarding allegations of alleged accounting impropriety and discussing that there was no evidence of any such irregularities.  (Mot. at 10; *see also* ECF No. 45-2 at 178.)  Petit simply confirmed that he believed Tornquist had been lying about the allegations.  (*Id.*)  There is nothing inflammatory about such a statement indicating ill will or intent to harm Tornquist; it merely set out Petit's position.

As such, Tornquist also failed to plead adequate facts demonstrating "intrinsic evidence" of malice by Petit and cannot sustain his defamation claim.

### D.   Because Petit's Statements Are Privileged, Tornquist's Defamation Claims Must Be Dismissed

Having first failed to challenge Petit's assertion that both statements are protected by a qualified privilege, Tornquist was required to have pled sufficient facts supporting Petit's malice to overcome the privilege, or else his claim must be dismissed.  *Issaenko*, 57 F. Supp. 3d at 1034-35.  However, none of the facts

12

Tornquist pled could legally constitute either "extrinsic evidence" or "intrinsic evidence" of Petit's malice, as detailed above.  Therefore, Tornquist has pled ***no facts*** demonstrating Petit's malice.  As such, Tornquist has not pled sufficient facts to make his claim of defamation plausible, and it therefore must be dismissed. *Iqbal*, 556 U.S. at 678.

## II.     The Defamation Claim Should Also Be Dismissed Because The January 25, 2017 Statement Did Not Concern Tornquist

Additionally, Tornquist's claim based on a January 25, 2017 statement to the Minnesota VA must be dismissed because he has not pled sufficient facts showing the statement is defamatory.  Notably, Tornquist concedes that for a statement to be defamatory, it must be "of and concerning" him.  (Opp'n at 9.)  As such, for the January 25, 2017 statement to the Minnesota VA to be actionable, that statement must be of and concerning Tornquist.  Moreover, Tornquist also concedes that this statement—the only statement from the letter on which he bases his claim—does not mention him by name.  (Opp'n at 13; *see also* Countercl. ¶ 99; ECF No. 45-2 at 175) (stating "[o]ver the past several weeks, some of these individuals have also published fals [sic] information about MiMedx in an attempt to discredit the positive relationship we have with the Veterans Administration").)   However, Tornquist asserts that the entire context shows this statement concerned him.  (*Id.*)

The legal basis for Tornquist's arguments is flawed.  First, he relies on a

Minnesota case finding the allegedly defamatory statements ***did not*** sufficiently identify the plaintiff, explicitly or by implication, because the only way to determine the identity of the entity being discussed was to engage in further inquiry. *Glenn v. Daddy Rocks, Inc.*, 171 F. Supp. 2d 943, 948-49 (D. Minn. 2001) (referring to "a bar downtown" not enough to identify the allegedly defamed night club, if only upon further inquiry could one learn the identity of the bar in question). Moreover, Tornquist only relies on a treatise, which is not Minnesota law, for the proposition that there is "much more likelihood" a statement identifying a "definite number" of persons refers to plaintiff. (Opp'n at 11, 13.) Accordingly, Tornquist has failed to demonstrate that his legal claim passes muster because the statement does not even refer to him.

In any event, even looking at the entire context of the actual, alleged statement and the clear language of the letter at issue, the statement cannot be said to clearly be "of and concerning" Tornquist:

> I wish to inform you that MiMedx has had to take the unfortunate action of dismissing certain members of our sales organization. Two of these individuals, Jess Kruchoski and Luke Tornquist may have interacted with you or members of your institution. We discovered that these individuals were violating their confidentiality, non-competition agreements and their duty of loyalty to MiMedx by actually selling competitor's products into our customers' accounts. Over the past several weeks, ***some of these individuals*** have also published fals [sic] information about MiMedx in an attempt to discredit the positive relationship we have with the Veterans

14

>Administration.   A copy of the press release issued by MiMedx
>detailing this situation is attached.

(ECF No. 45-2 at 175 (emphasis added).)   Taking the paragraph as a whole, it

refers to a number of employees who were terminated and an unidentified "some"

of those individuals were the ones who "published fals [sic] information about

MiMedx in an attempt to discredit the positive relationship we have with the

Veterans Administration."   Nothing in that statement specifically links it to

Tornquist as opposed to any other employee who was terminated.   Indeed, contrary

to Tornquist's interpretation (Opp'n 13), Tornquist and Kruchoski appear to be

mentioned by name in this particular paragraph merely because they were the

specific employees who serviced the Minneapolis VA and MiMedx was indicating

that they were among "certain members of our sales organization" who had been

terminated and would no longer be serving that facility.

Simply put, there is nothing in the statement or the letter that ties the "fals

[sic] statements" to Tornquist.   At best, the only way to determine which of the

"individuals" made "fals [sic] statements" about the company would require the

recipient of the letter to engage in "further inquiry."   *Glenn*, 171 F. Supp. 2d 943,

948-49.   As such, the January 25, 2017 statement is not legally actionable as

"defamatory" and Tornquist's claim based on that statement must be dismissed.

Respectfully submitted, this 24th day of July, 2017.

**WARGO & FRENCH, LLP**

*/s/ Joseph D. Wargo*
Joseph D. Wargo
Georgia Bar No. 738764
E-mail: jwargo@wargofrench.com
Shanon J. McGinnis
Georgia Bar No. 387598
E-mail: smcginnis@wargofrench.com
999 Peachtree Street, NE
26th Floor
Atlanta, Georgia 30309
Telephone: (404) 853-1500
Facsimile: (404) 853-1506

*Counsel for Counterclaim Defendants*
*MiMedx Group, Inc. and*
*Parker H. Petit*

## **RULE 7.1.D CERTIFICATE**

The undersigned counsel certifies that this document has been prepared with

Times New Roman 14-point font in accordance with Local Rule 5.1.C.

*/s/ Joseph D. Wargo*
Joseph D. Wargo

## CERTIFICATE OF SERVICE

I hereby certify that on this day, I electronically filed the foregoing COUNTERCLAIM DEFENDANT PARKER H. PETIT'S REPLY IN SUPPORT OF HIS MOTION TO DISMISS DEFENDANT LUKE TORNQUIST'S TENTH COUNTERCLAIM with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification to all counsel of record.

Edward D. Buckley
Thomas J. Mew IV
T. Brian Green
Buckley Beal, LLP
edbuckley@buckleybeal.com
tmew@buckleybeal.com
bgreen@buckleybeal.com

Respectfully submitted, this 24th day of July, 2017.

**WARGO & FRENCH, LLP**
*/s/ Joseph D. Wargo*
Joseph D. Wargo
Georgia Bar No. 738764