IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MIMEDX GROUP, INC., <br><br> Plaintiff, <br><br> v. <br><br> LUKE TORNQUIST, <br><br> Defendant/Counterclaim Plaintiff, <br><br> v. <br><br> PARKER H. PETIT, <br><br> Counterclaim Defendant. | CIVIL ACTION NO. <br> 1:17-CV-00399-LMM |

**PLAINTIFF MIMEDX GROUP, INC.'S REPLY IN SUPPORT OF MOTION FOR CERTIFICATION OF THE COURT'S JUNE 25, 2018 ORDER TO PERMIT INTERLOCUTORY APPEAL**

The June 25, 2018 Order (ECF No. 145) exemplifies the precise purpose for certifying difficult questions of first impression for interlocutory review under 28 U.S.C. § 1292(b). Indeed, the Order on the issue of whether the anti-retaliation provisions of the Dodd–Frank Act protect against post-termination retaliation after the decision in *Digital Realty Tr., Inc. v. Somers*, 138 S. Ct. 767 (2018) ("*Digital Realty*") is the only ruling of its kind to date. It also stands opposite to the line of

1

cases discussing the exact same issue arising under another federal whistleblower statute that has the exact same operative language. Courts addressing the retaliation provisions of the False Claim Act ("FCA") uniformly hold that the statutory language does not protect against post-termination retaliation—the opposite result here. Accordingly, the June 25, 2018 Order clearly meets the 28 U.S.C. § 1292(b) test for finding "a substantial difference of opinion" as it presents not only a question of first impression under the Dodd–Frank Act, but a difficult one in light of the FCA cases.

Indeed, Tornquist does not even challenge that this is question of first impression or that it is a difficult question of law, but instead asserts that there is no conflict within this Circuit or from any Circuit. Tornquist virtually ignores the entire line of FCA retaliation cases and cites to a single, pre-*Digital Realty* case to argue that there is no conflict within this Circuit or from any other Circuit.[1] Empirically, a single, non-operative case from outside this Circuit cannot meaningfully inform the 28 U.S.C. § 1292(b) inquiry.

---

[1] Moreover, the case he relies upon no longer has an existing Dodd–Frank Act claim—unlike here. *See MiMedx Grp., Inc. v. Fox*, Case No. 1:16-cv-11715-MSS (N.D. Ill. June 6, 2018), ECF No. 276 (dismissing the Dodd–Frank Act counterclaim for failure to allege that the defendant provided information to the Commission as prescribed by 15 U.S.C. § 78u-6(a)(6)).

2

Also contrary to Tornquist's arguments, permitting immediate appellate review would additionally serve to substantially shorten this litigation. The only claim in this case that would require any discovery into MiMedx's alleged post-termination conduct is the Dodd–Frank counterclaim. If Tornquist fails to state a Dodd–Frank claim—which would be the case if MiMedx won on appeal—then an entire line of discovery, depositions, trial testimony, and damages analysis would be removed from the case. Tornquist's reference to claims and counterclaims that would remain if the question were resolved demonstrates his misunderstanding of the standard for review under 28 U.S.C. § 1292(b). The question here is whether review would materially advance the ultimate termination of the litigation or substantially shortens the lawsuit—which it will. Indeed, granting MiMedx the requested relief would not only substantially shorten this matter, but also provide further necessary guidance within this Circuit.

## ARGUMENT

Tornquist does not challenge that MiMedx has shown that the availability of post-termination retaliation claims under Dodd–Frank is a controlling issue of law in this case, but rather, he challenges whether there is a substantial ground for difference of opinion on the issue, and whether resolution of the issue on appeal would materially advance the litigation. He is wrong on both accounts.

## I. Post-Termination Retaliation Under Dodd–Frank is a Difficult Issue of First Impression and Presents a Split Regarding the Proper Interpretation of "Terms and Conditions of Employment."

Tornquist attempts to argue that, because MiMedx can point to no cases that reached a different result as this Court, there is no substantial ground for difference of opinion, as required for interlocutory appeal. This misconstrues the issue, however. As this Court knows, when district courts determine whether to certify an issue for interlocutory appeal, they can find a "substantial ground for difference of opinion" in any one of three circumstances: "(1) [the issue is] difficult and of first impression, (2) the district courts of the controlling circuit are split as to the issue, *or* (3) the circuits are split on the issue." *Consumer Fin. Prot. Bureau v. Frederick J. Hanna & Assocs., P.C*, 165 F. Supp. 3d 1330, 1335 (N.D. Ga. 2015) (emphasis added). As an initial matter, the standard is met here because this is a difficult issue of first impression as to the interpretation of the Dodd–Frank Act. The June 25, 2018 Order is the *only district court* ruling in this Circuit to have discussed post-termination retaliation under Dodd–Frank at all, and the only district court to have analyzed this issue after the Supreme Court's seminal *Digital*

*Realty* decision.[2]  Tornquist does not even challenge MiMedx's assertion that this question of post-termination retaliation under Dodd–Frank is one of first impression—as it is.

Furthermore, MiMedx is not "re-hash[ing]" earlier arguments, but only demonstrated that this question of first impression is also a difficult one—another issue Tornquist does not challenge.  Indeed, anytime a court must depart from the statutory language, such as the Court did here (ECF No. 145 at 7-13), the question is almost by definition a difficult one.  The difficulty is further demonstrated by the fact that other courts have found the exact same "in the terms and conditions of employment" language in the FCA context to exclude post-termination retaliation. *See Potts v. Ctr. for Excellence in Higher Educ., Inc.*, 244 F. Supp. 3d 1138, 1143 (D. Colo. 2017) ("The overwhelming majority of courts that have considered the issue have found that § 3730(h)(1) does not apply to post-employment retaliation.").  Accordingly, analysis of whether the Dodd–Frank anti-retaliation provisions containing the "in the terms and conditions of employment" clause

---

[2] Tornquist points only to the related matter, *MiMedx Grp., Inc. v. Fox*, No. 1:16-cv-117715-MSS, 2018 WL 558500 (N.D. Ill. Jan. 24, 2018)—a single order—to show that there is no "conflict" among the Circuits, and thus, no substantial ground for difference of opinion.  However, this single order related to a Dodd–Frank claim that has now been dismissed, and occurred prior to the Supreme Court's decision that provided guidance regarding the proper way to analyze the language of Dodd–Frank.

allows relief for post-termination retaliation is not simple. *Id.*

In fact, this goes beyond being a difficult analysis, as a Circuit split exists here involving the interpretation of federal retaliation statutes, contrary to Tornquist's arguments. Specifically, there is a Circuit split regarding the meaning of "in the terms and conditions of employment" in federal retaliation statutes. Namely, courts interpreting the FCA's anti-retaliation provision have held that post-termination retaliation is not recoverable under the statute because the alleged retaliation must be "in the terms and conditions of employment." *Potts*, 244 F. Supp. 3d at 1144. This language, the courts hold, "is consistent only with current employment." *Id.* (collecting cases); *see also Taul ex rel. United States v. Nagel Enters.*, Inc., No. 2:14-CV-0061-VEH, 2017 WL 4956422, at *4 (N.D. Ala. Nov. 1, 2017). The Dodd–Frank Act likewise contains the same statutory language consistent with current employment, in that an employer may not "discharge, demote, suspend, threaten, harass, directly or indirectly, or in any other manner discriminate against, a whistleblower ***in the terms and conditions of employment***." 15 U.S.C. § 78u-6(h)(1)(A) (emphasis added). Under the FCA cases, which find the "terms and conditions" language unambiguous and dispositive, post-termination retaliation is not actionable under Dodd–Frank. This Court's interpretation of "terms and conditions of employment" as ambiguous—and thus

6

permitting post-termination retaliation claims—is in direct conflict with the FCA case law interpreting identical statutory language.[3]

Accordingly, because, under Dodd–Frank case law, this is a difficult issue of first impression and because the Order splits from the established line of cases interpreting identical language under the FCA, this Court should find that there is a "substantial ground for difference of opinion."

## II. Appellate Review Would Materially Advance the Ultimate Termination of this Litigation and Provide Future Guidance from the Eleventh Circuit.

Tornquist also argues that any resolution of the Dodd–Frank counterclaim would not materially advance this litigation because other claims and counterclaims will remain. However, this is an unjustifiably narrow reading of the requirements for granting leave for interlocutory appeal under 28 U.S.C. § 1292(b), which permits interlocutory appeals even if not all claims will be dismissed. *See McFarlin v. Conseco Servs., LLC*, 381 F.3d 1251, 1259 (11th Cir. 2004) ("This is not a difficult requirement to understand. It means that resolution of a controlling legal question would serve to avoid a trial ***or otherwise substantially shorten the***

---

[3] To the extent Tornquist argues that this Court should ignore the FCA case law altogether, as those are not Dodd–Frank cases, this ignores the fact that Tornquist's entire argument about post-termination retaliation requires analogy to cases decided under other federal statutes—like Title VII—that are, themselves, not Dodd–Frank cases.

*litigation*.") (emphasis added).  As the Eleventh Circuit specifically noted in *McFarlin*—which Tornquist left out of his response brief (ECF No. 156 at 6)—resolving only one claim in that particular case would not materially advance the litigation, ***but*** "[t]hat might not be true of one claim of several in another case." *Id.* at 1262.  For example, in *In re Managed Care Litig.*, Nos. MDL 1334, 00-1334MDMORENO, 2002 WL 1359736, at *1-2 (S.D. Fla. Mar. 25, 2002), the district court considered and rejected the same narrow argument Tornquist presents here, as the resolution of a critical issue relating to a single claim could "permit the parties to avoid unnecessary, protracted and expensive litigation, even if resolution of the issue is not immediately dispositive."  The district court further found that "certification of this issue would materially advance the termination of the litigation because the scope of future discovery, motion practice and trial activities would be limited significantly if the Order were reversed." *Id.* at *2.

The same result should occur here, as Tornquist's Dodd–Frank counterclaim is the ***only*** claim in the instant action that would require discovery regarding post-termination retaliation.  The Minnesota Whistleblower Act ("MWA")—the only other retaliation claim in the case—specifically precludes recovery for post-termination retaliation.  *See Krutchen v. Zayo Bandwidth Ne., LLC*, 591 F. Supp. 2d 1002, 1015 (D. Minn. 2008); *Lee v. Regents of Univ. of Minn.*, 672 N.W.2d 366,

8

375 (Minn. Ct. App. 2003).  Expensive discovery regarding what MiMedx allegedly did post-termination—including deposition testimony of Tornquist, MiMedx, and third parties—would be excluded from the case and from trial. Furthermore, as this Court is aware, if the Dodd–Frank counterclaim was eliminated, there would not be any future need to discover information relating to MiMedx's communications with federal agencies, such as the SEC and the VA-OIG, all of which occurred after Tornquist's termination.  *See* ECF No. 162.

Tornquist contends that discovery into his belief regarding his complaint and MiMedx's alleged motive for retaliation would remain regardless of the resolution of the Dodd–Frank counterclaim because such discovery overlaps with some of the discovery he claims he would use for his counterclaims under the MWA and common law defamation.  Whether or not there may be the occasional overlapping discovery, however, does not resolve the issue.  Here, an entire swath of alleged conduct—the alleged acts of retaliation that occurred after December 15, 2016—would be removed from the case, as well as any of the damages that allegedly flow from that conduct.  *See, e.g.*, ECF No. 146 at ¶¶ 106-111 (allegations of post-termination retaliation).

Indeed, immediate appeal of the June 25, 2018 Order would not only serve to substantially shorten this litigation, but it would also provide needed appellate

9

review on whether future Dodd–Frank litigants may pursue claims under a theory of post-termination retaliation. Thus, this Court should grant the instant motion and certify the June 25, 2018 Order for immediate appellate review.

## CONCLUSION

As demonstrated above, this case warrants interlocutory review pursuant to 28 U.S.C. § 1292(b). Whether the anti-retaliation provision of the Dodd–Frank Act contemplates relief for post-termination retaliation is a novel and difficult question of law. Giving the Eleventh Circuit the opportunity to resolve this question would not only advance the ultimate resolution of Tornquist's ever-evolving claim, but it would provide invaluable guidance on how Dodd–Frank litigants may proceed in courts across this nation. Accordingly, MiMedx respectfully requests this Court grant its motion for certification of the June 25, 2018 Order for interlocutory review.

Respectfully submitted, this __14th__ day of August, 2018.

**WARGO & FRENCH, LLP**

*/s/ David M. Pernini*
Joseph D. Wargo
Georgia Bar No. 738764
E-mail: jwargo@wargofrench.com
Shanon J. McGinnis
Georgia Bar No. 387598

        E-mail: smcginnis@wargofrench.com
        David M. Pernini
        Georgia Bar No. 572399
        E-mail: dpernini@wargofrench.com
        999 Peachtree Street, NE
        26th Floor
        Atlanta, Georgia 30309
        Telephone: (404) 853-1500
        Facsimile: (404) 853-1506

        *Counsel for MiMedx Group, Inc.*

## **RULE 7.1.D CERTIFICATE**

The undersigned counsel certifies that this document has been prepared with Times New Roman 14-point font in accordance with Local Rule 5.1.C.

<em>/s/ David M. Pernini</em><br>David M. Pernini

## CERTIFICATE OF SERVICE

I hereby certify that on this day, I emailed the foregoing PLAINTIFF MIMEDX GROUP, INC.'S REPLY IN SUPPORT OF MOTION FOR CERTIFICATION OF THE COURT'S JUNE 25, 2018 ORDER TO PERMIT INTERLOCUTORY APPEAL to all counsel of record.

Edward D. Buckley
Thomas J. Mew IV
T. Brian Green
Buckley Beal, LLP
edbuckley@buckleybeal.com
tmew@buckleybeal.com
bgreen@buckleybeal.com

Respectfully submitted, this   14th   day of August, 2018.

**WARGO & FRENCH, LLP**

*/s/ David M. Pernini*
David M. Pernini
Georgia Bar No. 572399