IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| MIMEDX GROUP, INC., | : | |
| Plaintiff/Counterclaim Defendant, | : | |
| v. | : | |
| LUKE TORNQUIST, | : | CIVIL ACTION NO. 1:17-CV-00399-LMM |
| Defendant/Counterclaim Plaintiff, | : | |
| v. | : | |
| PARKER H. PETIT, | : | |
| Counterclaim Defendant. | : | |

## ORDER

This case comes before the Court on Plaintiff's Motion to Certify for Interlocutory Appeal [151]. After due consideration, the Court enters the following Order:

On June 25, 2018, this Court granted Defendant's Motion to Amend and denied, as moot, Plaintiff's Motion to Dismiss, finding Dodd-Frank's anti-retaliation provision applies to former employees. Plaintiff now moves this Court to certify the question of whether Dodd-Frank's anti-retaliation provision

protects against post-termination retaliation to the Eleventh Circuit for interlocutory review.

Pursuant to 28 U.S.C. § 1292(b), a district court may certify an order for an interlocutory appeal when (1) the order involves a controlling question of law; (2) there is a substantial ground for difference of opinion regarding the controlling question of law; and (3) such an appeal may materially advance the ultimate termination of the litigation. Rindfleisch v. Gentiva Health Servs., Inc., 24 F. Supp. 3d 1234, 1236-37 (N.D. Ga. 2013). "Certification for immediate appeal of a non-final order under § 1292(b) is an extraordinary measure, which is permitted only in exceptional circumstances." S. Pilot Ins. Co. v. CECS, Inc., 15 F. Supp. 3d 1335, 1336 (N.D. Ga. 2013); see also McFarlin v. Conseco Servs., LLC, 381 F.3d 1251, 1256 (11th Cir. 2004) (interlocutory appeals should be used "only in exceptional cases where a decision of the appeal may avoid protracted and expensive litigation, as in antitrust and similar protracted cases, where a question which would be dispositive of the litigation is raised and there is serious doubt as to how it should be decided") (quoting 1958 U.S.C.C.A.N. 5255, 5260–61).

These types of appeals "should be reserved, for situations in which the court of appeals can rule on a pure, controlling question of law without having to delve beyond the surface of the record in order to determine the facts." McFarlin, 381 F.3d at 1259. "A question of law is considered 'controlling' if it has the potential of substantially accelerating disposition of the litigation, even if it would not terminate the case." Ga. State Conference of NAACP v. Fayette Cty. Bd. of

Comm'rs, 952 F. Supp. 2d 1360, 1362 (N.D. Ga. 2013). "The term 'question of law' does not encompass 'the application of settled law to fact' or 'any question the decision of which requires rooting through the record.' Instead, the types of questions to which § 1292(b) is directed are those that 'might be called [questions] of 'pure' law, matters the court of appeals 'can decide quickly and cleanly without having to study the record.'" Id. (quoting McFarlin, 381 F.3d at 1258).

The district court should also consider whether resolution of the question "would serve to avoid a trial or otherwise substantially shorten the litigation." Id. (quoting McFarlin, 381 F.3d at 1259). Finally, "the requirement that there be substantial ground for difference of opinion is satisfied when (1) the issue is difficult and of first impression, (2) a difference of opinion as to the issue exists within the controlling circuit, or (3) the circuits are split on the issue." Id. The fact that the issue is one of first impression is not sufficient on its own. Id. "Instead, the district court has a duty to analyze the strength of the arguments in opposition to the challenged ruling when deciding whether the issue for appeal is truly one on which there is a *substantial* ground for dispute." Id.

The issue before the Court is one of first impression in this circuit and interlocutory appeal on the issue of Dodd-Frank post-termination retaliation potentially resolves one of Defendant's counterclaims. However, 13 other claims and counterclaims would remain in litigation. If, as the Eleventh Circuit held in McFarlin, one claim of seven does "too little, if anything, to advance the ultimate

3

termination of litigation," then resolution of one of 14 claims is clearly not enough to warrant interlocutory appeal. McFarlin, 381 F.3d at 1262. Granting appeal would not "substantially reduce the amount of litigation necessary on remand." Id. at 1264. Nor would immediate appeal eliminate discovery on the post-termination issue. Defendant's Dodd-Frank counterclaim will require the same or similar discovery as at least two of Defendant's other counterclaims: common law defamation and retaliation under the Minnesota Whistleblower's Act. For these reasons, the Court finds interlocutory appeal will not materially advance termination of this litigation.[1]

**CONCLUSION**

In accordance with the foregoing, the Court **DENIES** Defendant's Motion for Interlocutory Appeal [151].

**IT IS SO ORDERED** this 4m day of September, 2018.

_____
Leigh Martin May
**United States District Judge**

---

[1] Moreover, there is no difference of opinion on this issue in any circuit. Only one other district court has addressed whether Dodd-Frank's anti-retaliation provision protects former employees, and that court also held in the affirmative. MiMedx Grp., Inc. v. Fox, No. 16 CV 11715, 2018 WL 558500, at *8 (N.D. Ill. Jan. 24, 2018).